## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
### Harrisonburg Division

In re:

    Richard Dean Newton
    Amber Dawn Newton

              Debtor(s)

Case No. 22-50548-RBC
Chapter 7

---

RICHARD DEAN NEWTON,

    Plaintiff,

v.                                                                                 AP No.

U.S. DEPARTMENT OF EDUCATION,
Attn: Dr. Miguel Cardona, Secretary of Education
400 Maryland Avenue, SW
Washington, DC 20202

        Also serve:    Office of the Attorney General
                             Attn: Merrick Garland, Attorney General
                             U.S. Department of Justice
                             950 Pennsylvania Avenue, NW
                             Washington, DC 20530-0001

                             United States Attorney's Office for the
                             Western District of Virginia
                             Attn: Christopher R. Kavanaugh, U.S. Attorney
                             P.O. Box 1709
                             Roanoke, VA 24008-1709

                             and

                             Great Lakes
                             Student Loan Servicer
                             P.O. Box 7860
                             Madison, WI 53707.7860

    Defendant.

### COMPLAINT FOR DETERMINATION
### OF NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(8)

1

Debtor/Plaintiff, Richard Dean Newton (hereinafter "Plaintiff" or "Debtor"), by counsel, pursuant to 11 U.S.C. § 523(a)(8), and he hereby files this Complaint for Determination of Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(8), held by the Creditor/Defendant, U.S. Department of Education (hereinafter "Defendant"), under the "undue hardship" provision set out in 11 U.S.C. § 523(a)(8), and in support thereof he states as follows:

1. The Debtor commenced his bankruptcy case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code jointly with his wife, Amber Dawn Newton, on December 9, 2022.

2. The Plaintiff is a 35-year-old male. He is married and has one dependent daughter. Currently, his only forms of income are Social Security ($816.00 per month), Virginia SNAP Assistance ($187.00 per month), and VA Disability ($1,407.03 per month). The Plaintiff is an Army veteran who served from on or around March 2005 until he was discharged medically on or around March 2008.

## Jurisdiction and Venue

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## Factual and Procedural Background

6. On the Debtors' Official Form 106 E/F, the Debtors listed the following debts owed to USDOE/GLESI by the Plaintiff ONLY as follows:

| AMOUNT | LAST 4 DIGITS OF ACCOUNT NUMBER | WHEN THE DEBT WAS INCURRED |
|---|---|---|
| $83,095.00 | *8581 | 09/10 |
| $15,233.00 | *9577 | 02/09 |
| $13,156.00 | *7577 | 01/10 |

7. The total amount listed by the Debtors on Official Form 106 E/F owed by the Plaintiff to the Defendant is $111,484.00.

8. Upon being medically discharged from the army in 2008, the Plaintiff worked various jobs from on or around 2008 to on or around 2015, including working construction and at a processing plant, but was unable to maintain employment - mainly resulting from lingering disabilities for which he was medically discharged from the Army.

9. The Plaintiff incurred the debts owed to the Defendant in order to attend the University of Phoenix (online) from January 2009 – November 2014 and pursue a career in law enforcement administration. The Plaintiff received an Associates of Arts degree with a concentration in

criminal justice on or around December 2010, a Bachelor's degree in criminal justice administration on or around January 2013, and a Master's of Science/Administration of Justice and Security with a concentration in global and homeland security degree on or around November 2014.

10. After attending the University of Phoenix, on or around 2014, the Plaintiff enrolled at RSW Regional Jail in order to begin his career in law enforcement administration.

11. The Plaintiff was unable to begin his career in law enforcement administration and was asked to resign from RSW Regional Jail shortly after enrollment. He is currently unable to work as a result of a combination of service and non-service connected disabilities. These disabilities include: neuropathy (feet/left arm/neck), chronic shoulder pain, torn shoulder ligament(s), migraines, sinus issues from burn pits overseas, carpal tunnel syndrome, adjustment disorder with anti-social tendencies and sleep disorder with nightmares. He was awarded VA Disability on or around 2015 and Social Security Disability shortly thereafter.

12. The Plaintiff has a "combined evaluation" from the Department of Veterans Affairs of sixty (60) percent disabled.

13. Because of his inability to work, when the repayment periods for the loans began, the Plaintiff applied for an income-based repayment (hereinafter "IBR") plan and was given a monthly payment of zero ($0.00). This has remained the monthly payment during the entirety of the repayment period(s).

## Claim For Relief

### A. Declaration That Any Obligation To Defendant Should Be Discharged Pursuant to Section 523(a)(8)

14. Plaintiff re-alleges and incorporates by reference all of the allegations contained in paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15. Under Bankruptcy Code section 523(a)(8), student loan debt is excepted from discharge, unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents.

16. In order to determine if excepting such debt from discharge would impose an "undue hardship", the Fourth Circuit has adopted the *Brunner* test outlined in *Brunner v. New York Higher Education Services Corp.*, 831 F.2d 395 (2d Cir. 1987).

17. Under the *Brunner* test, the Debtor seeking discharge of student loans under section 523(a)(8) must prove the following "prongs":

    a. That the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for himself and his dependents if forced to repay the loans;

3

  b. That additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans;
  c. That the debtor has made good faith efforts to repay the loans.

*Brunner,* 831 F.2d at 396.

### i. Prong One

18. Plaintiff avers that he satisfies the first prong of the *Brunner* test.

19. The Plaintiff's only forms of income are Social Security, VA Disability and Virginia SNAP Assistance, which total $2,410.03 per month.

20. The Plaintiff's spouse is unemployed, and he has a dependent daughter (age 13) that lives with him full-time.

21. The Plaintiff's current ongoing total monthly expenses total $2,442.00, and the Plaintiff avers that none of such expenses are frivolous or excessive.

22. Therefore, the Plaintiff would be unable to maintain a minimal standard of living for himself and his dependents if he had to repay any amount monthly towards the loans owed to the Defendant.

### ii. Prong Two

23. Plaintiff avers that he satisfies the second prong of the *Brunner* test.

24. The Plaintiff's current circumstances are not likely to improve during a significant portion of the repayment period.

25. The Plaintiff has been on IBR with the Defendant since the outset of the repayment period with a monthly payment of zero.

26. As a result of his disabilities, the Plaintiff does not anticipate his income changing in the future, other than certain costs of living increases associated with his Social Security/VA Disability.

27. The Plaintiff's spouse has not worked since on or around early 2022. She had brain surgery in April 2021, and has been unable to maintain employment since then. She last worked from on or around August 2021 until early 2022 as a member service representative for Navy Federal Credit Union. Her income was approximately $45,000.00 annually, however, she is currently on ADA leave and receives no income. She does not anticipate returning to work and is currently in the process of applying for Social Security Disability, but has no indication, if awarded, how much she would receive monthly.

### iii. Prong Three

28. Plaintiff avers that he satisfies the third prong of the *Brunner* test.

29. Although no payments have been made on the loans owed to the Defendant as a result of his IBR plan, "[t]he failure to have made any repayments on a student loan is not a litmus test for good faith under the third prong of the *Brunner* test. The good faith determination depends on the reasons why the Debtor did not make the payments." *Roundtree-Crawley v. Educ. Credit Mgmt. Corp. (In re Crawley)*, 460 B.R. 421, 446 n.36 (Bankr. E.D. Penn. 2011).

30. Here, the Plaintiff did not make any payments because his financial situation would not allow it. He took advantage of the IBR plan provided to him by the Defendant so that he would be able to meet a minimal standard of living. He has attempted to work, but has been unable to do so. The Plaintiff has stayed in communication with the Defendant in order to maintain his IBR plan and to avoid defaulting on the loans. Therefore, the Court should find that the Plaintiff has made good faith efforts to repay the loans.

WHEREFORE, the Debtor/Plaintiff respectfully requests that the Court enter an Order declaring the debts owed to the U.S. Department of Education by the Plaintiff to be dischargeable in this bankruptcy case, that the Debtor/Plaintiff has met the three prongs of the *Brunner* test and that repayment of these debts would impose an undue hardship on him, and to award the Plaintiff such other and further relief, including reasonable costs incurred and attorneys' fees earned and agreed to by the Plaintiff in conjunction with the preparation and adjudication of this Complaint, as is just and proper.

Dated: January 13, 2023.

/s/ John P. Goetz
John P. Goetz, VSB #78514
James M. McMinn, VSB #84728
John Goetz Law, PLC
86 W. Shirley Avenue
Warrenton, VA 20186
T: (540) 359-6605
F: (540) 359-6610
docs@johngoetzlaw.com
*Counsel for Debtor/Plaintiff*